U.S. DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
RECEIVED LAFAYETTE

DEC 08 2013

TONY R. MOORE, CLERK
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE, LOUISIANA

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

Hanks

versus

Laque, et al

Civil Action No. 6:11-01393

Judge Richard T. Haik, Sr.

Magistrate Judge C. Michael Hill

## MEMORANDUM RULING

Before the Court is a Motion for Summary Judgment filed by defendant, Deputy Gerald McCloskey [Rec. Doc. 35], plaintiff, Davin Ryan Hanks', Memorandum in Opposition [Rec. Doc. 39], defendant's Reply [Rec. Doc. 46] and plaintiff's Reply in opposition [Rec. Doc. 51]. Defendant asserts that because Hanks did not properly exhaust his administrative remedies as required by 42 U.S.C. § 1997e(a), his claim under 42 U.S.C. §1983 should be dismissed with prejudice. For the following reasons, the motion will be granted.

The Prison Litigation Reform Act, § 1997e(a), declares: "No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies *630 as are available are exhausted." Exhaustion is mandatory for "all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." *Porter v. Nussle*, 534 U.S. 516, 532, 122 S.Ct. 983, 152 L.Ed.2d 12 (2002). Under § 1997e(a), a prisoner must exhaust such administrative remedies as are "available," whatever they may be. *Wright v. Hollingsworth*, 260 F.3d 357, 358 (5th Cir.2001). If a prisoner has not exhausted all available administrative remedies, dismissal is appropriate. *See id.* at 359.

The record indicates that the Lafayette Parish Correctional Center ("LPCC") adopted an Administrative Review Procedure or Grievance Procedure, as set forth in § 1997e, which is published in the Inmate Handbook. *R. 35, Exh. 1, Attachment A.* The Grievance

Procedure consists of a three-step process. *Id., Aff. Of Arabie,* ¶ 3. Inmates are to submit their complaints within 30 days of the events at issue and are to allow 14 days for a response at each step. *Id.,* ¶ 5.

Hanks alleges he "used the prisoner grievance procedure available at the Lafayette Parish Correctional Center," and attached the Grievance forms he submitted to his Complaint. *R. 1*. In his Opposition Memorandum, Hanks contends he filed all three steps required in the three step grievance process, yet also states he never received an Offender Handbook upon his arrival at the LPCC.[1] The record indicates that Hanks filed three forms stating his grievance: 1) a June 26, 2011 form which was rejected because it was unsigned; 2) a properly signed form on July 1, 2011 which was issued as Grievance No. 11-601; and 3) another grievance on July 11, 2011 which Hanks filed prior to the timely July 14, 2011 LPCC response to Grievance No. 11-601. *R. 1;R. 35, Exh. 1*. At no time does Hanks contend nor does the record provide that any response or appeal was properly submitted as required by the Offender Handbook. Even assuming the July 11, 2011 submission fulfilled the Second Step, the record is clear that Hanks' never completed the process by filing a Third Step appeal with regard to the July 14, 2011 response by the LPCC.

Because the record shows that Hanks had not exhausted his administrative remedies at the time he filed his complaint on July 26, 2011, his remaining claim under 42 U.S.C. §1983 must be dismissed. *Gamage v. Cabe*, 125 Fed.Appx. 572 (5th Cir. 2005) (citing *Alexander*, 351 F.3d at 630). Defendants' motion for summary judgment will therefore be granted.

_____
Richard T. Haik, Sr.
United States District Judge

---

[1] Hanks' statement is contradicted by his Complaint in a lawsuit which was filed in this Court on February 1, 2012, 12-cv-00361, wherein he attached a copy of the LPCC Offender Handbook.